IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM R. BROWN,**

    **Plaintiff,**

    v.          Case No. 99-2476-JWL

**DAN DIETZ, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff William R. Brown filed this lawsuit alleging that the defendants, who consist of law enforcement officers, a municipal judge, a city prosecutor, and the City of Garnett, Kansas, violated his constitutional rights by the way they responded to his possession of a cassette tape recorder at a municipal court hearing in Garnett. On October 15, 2001, the court entered a final order pursuant to the parties' stipulation to dismiss this case with prejudice. The matter is now before the court on plaintiff's Motion to Vacate Judgment (Doc. 42) in which he states that he is seeking relief under Federal Rule of Civil Procedure 60(b)(5) & (6). For the reasons explained below, this motion is denied.

Plaintiff filed this lawsuit on October 5, 1999. On May 23, 2000, the court granted summary judgment in favor of defendants on all of plaintiff's claims. Plaintiff appealed and the Tenth Circuit affirmed in part, reversed in part, and remanded the case to this court. The appeal mandate was entered on July 9, 2001. During approximately the next month, the parties engaged in discovery. On August 21, 2001, plaintiff filed a Notice to Dismiss (Doc. 38)

asking the court to dismiss the case. By way of a letter dated August 30, 2001, defense counsel advised plaintiff that he could not voluntarily dismiss the action because the defendants had already filed an answer; therefore, if he wanted to dismiss the case the parties would need to enter into a stipulation for dismissal. The Stipulation of Dismissal With Prejudice (Doc. 39) was filed with the court on September 14, 2001. That same day, the court entered an Order of Dismissal With Prejudice (Doc. 40) dismissing plaintiff's claims against all defendants except Gloria Trumpp. On October 15, 2001, the court entered another Order of Dismissal With Prejudice (Doc. 41) dismissing plaintiff's claims against Ms. Trumpp and explaining that Ms. Trumpp's name was inadvertently omitted from the prior order of dismissal.

Nearly four years later, on July 26, 2005, plaintiff filed the current Motion to Vacate Judgment (Doc. 42). In the motion, he asks the court to "rescind its prior final judgment" in this case because the "stipulation [of dismissal] is no longer equitable." He explains that he "has accumulated more judicial experience since that judgment, and has realized the government does not recognize it has lost a case if it does not pay money damages." According to plaintiff, he stipulated to a dismissal because, while this case was on appeal, his youngest son died unexpectedly and his father died soon thereafter. The anxiety of the lawsuit added to his profound grief and he wanted to "put the suit off for a while." After consulting with defense counsel, he decided to stipulate to a dismissal but "that was not the appropriate or equitable thing to do."

Plaintiff's motion is denied, first, because motions under Rule 60(b)(5) and (6) must be "made within a reasonable time," Fed. R. Civ. P. 60(b), and plaintiff did not file the current motion within a reasonable time after the court's entry of the final order in this case. What constitutes a reasonable time under Rule 60(b) depends on the facts of each case. *See McCorvey v. Hill*, 385 F.3d 846, 849 n.4 (5th Cir. 2004); *Fed. Land Bank v. Cupples Bros.*, 889 F.2d 764, 767 (8th Cir. 1989); *United States v. Wyle*, 889 F.2d 242, 249 (9th Cir. 1989). In this case, nearly four years have elapsed since the court's final order. The court certainly understands that the loss of plaintiff's son and father while this case was on appeal to the Tenth Circuit may have made it difficult for him to prosecute this action. But, plaintiff has not offered an adequate explanation why he could not have filed the current motion years ago. Accordingly, the court finds that plaintiff failed to file his motion within a reasonable time after the court's entry of the final order in this case.

In addition, plaintiff's motion is denied on its merits. Rule 60(b)(5) permits the court to relieve a party from a final judgment or order when "the judgment has been satisfied, released, or discharged or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application." The prong of this rule most befitting to plaintiff's arguments is that "it is no longer equitable that the judgment should have prospective application" inasmuch as plaintiff argues that the "stipulation is no longer equitable." But a judgment has "prospective application" within the meaning of Rule 60(b)(5) when it "is 'executory' or involves 'the supervision of changing conduct or conditions.'" *Twelve John Does v. District of Columbia*,

3

841 F.2d 1133, 1139 (D.C. Cir. 1988).  This might occur, for example, if the court modifies an injunction when changed circumstances have caused it to be unjust, *see generally Keith v. Mullins*, 162 F.3d 539 (8th Cir. 1998), or a change in decisional law provides sufficient justification to modify prospective relief, *see generally Ass'n for Retarded Citizens v. Sinner*, 942 F.2d 1235 (8th Cir. 1991).  In this case, the court's orders memorializing the parties' stipulation of dismissal did not result in a judgment with such "prospective application."  The orders do not seek to supervise any future conduct or conditions.  Thus, even if plaintiff's motion had been timely filed within a reasonable time after entry of the court's final order, relief would not be warranted under Rule 60(b)(5).

Relief also would not be warranted under Rule 60(b)(6), which permits the court to relieve a party from a final judgment or order for "any other reason justifying relief."  The Tenth Circuit has described Rule 60(b)(6) as a "grand reservoir of equitable power to do justice in a particular case."  *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 579 (10th Cir. 1996) (quotation omitted).  The court may grant a Rule 60(b)(6) motion "only in extraordinary circumstances and only when such action is necessary to accomplish justice."  *Id.*  Such extraordinary circumstances may exist, for example, when events not contemplated arise after entry of judgment and render enforcement of the judgment inequitable.  *Id.*  Rule 60(b)(6) is not, however, to be used for relieving a party from free, calculated, and deliberate choices that he or she has made.  *Id.* at 580.  In this case, plaintiff made a free, calculated, and deliberate choice to stipulate to dismissal of this case with prejudice.  The court readily concludes that the fact that he has now had nearly four years to reflect on whether he should have made that

4

choice does not rise to the level of constituting sufficiently extraordinary circumstances to warrant relief under Rule 60(b)(6).

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' Motion to Vacate Judgment (Doc. 42) is denied.

**IT IS SO ORDERED** this 7th day of September, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge